UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CT-03193-BO

| | |
|---|---|
| **Robert S. Ballard**, <br><br> Plaintiff, <br><br> v. <br><br> **Lawrence Artis**, <br><br> Defendant. | **Order Setting Pretrial Conference** |

## Scheduling and Conduct of Pretrial Conference

The pretrial conference in this case is set for Monday, February 23, 2026 at 11:00 a.m. at the United States Courthouse at 201 South Evans Street in Greenville, North Carolina.

Unless a party is proceeding pro se, each party must be represented at the conference by counsel with authorization to bind the party on all matters addressed at the conference. Counsel and any unrepresented party must be physically present at the conference unless the court has approved an alternative arrangement.

At the pretrial conference, the court will resolve any disputes concerning the contents of the pretrial order. The parties must be fully prepared to present the court with all information and documentation necessary for completion of the pretrial order.

The parties must be prepared to discuss the status of settlement negotiations between the parties. Even if the parties have completed private mediation or a court-hosted settlement conference, they must engage in meaningful settlement discussions before the pretrial conference.

### Summary of Deadlines

| Event | Date |
|---|---|
| Disclosures Required Under Rule 26(a)(3)(A) | Monday, January 26, 2026. |
| Objections Under Rule 26(a)(3)(B) | Monday, February 2, 2026 |
| Deadline to Confer About Joint Pretrial Order | Monday, February 9, 2026 |
| Submission of Joint Pretrial Order | Monday, February 16, 2026 |

## Disclosures Before Pretrial Conference

Each party must provide to all other parties the pretrial disclosures required under Federal Rule of Civil Procedure 26(a)(3)(A) by the deadline specified above. That rule requires disclosure of the following information about the evidence that it may present at trial other than solely for impeachment:

- the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises;

- the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and

- an identification of each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises.

Each party must also provide opposing counsel with a copy of all exhibits that party expects to offer or may offer if the need arises, other than those used solely for impeachment or cross-examination, by this deadline. Exhibits must be marked as required by Local Civil Rule 39.1(b).

By the deadline specified above, the parties must designate and serve any objections listed in Federal Rule of Civil Procedure 26(a)(3)(B). Objections not made by this deadline, other than objections under Federal Rules of Evidence 402 or 403, are waived unless the court excuses an untimely objection upon a showing of good cause. Fed. R. Civ. P. 26(a)(3)(B).

The parties must incorporate their Rule 26(a)(3) disclosures and objections into the final pretrial order as provided in Local Civil Rule 16.1(c).

## Preparation of Draft Pretrial Order

The parties must confer and draft a pretrial order that complies with Local Civil Rule 16.1 by the deadline provided above. The parties must submit a single, unified document that is formatted as required by Local Civil Rule 16(e). To the extent the parties disagree about the pretrial order's contents, they should set out their competing language and the court will resolve the dispute at the pretrial conference.

The draft pretrial order must be signed by at least one counsel of record for each represented party and, unless an unrepresented party is incarcerated, by any unrepresented parties. An incarcerated, unrepresented party need not sign the draft pretrial order before its submission. The court will have that party sign the pretrial order at the conference.

The draft pretrial order must also provide a space for approval by Judge Numbers.

The draft pretrial order must discuss the following topics in separate sections that are numbered by roman numerals.

**1. Stipulations.**

To the extent the parties agree, the parties must include stipulations about:

- Whether the court has personal jurisdiction over the parties;
- Whether the court has subject-matter jurisdiction over this action;
- Whether there are any issues with misjoinder or nonjoinder of parties; and
- Whether there are any issues over the capacity of the parties.

The parties must also set out all stipulated material facts. And to the extent the parties agree, they should describe, in separate sections, the factual and legal issues that will need to be resolved during the trial.

**2. Contentions.**

If the parties disagree about issues of jurisdiction, joinder, or the capacities of the parties, they should briefly set out their contending positions. Additionally, each party must set out their contentions about what the evidence will show at trial beyond the stipulated facts. Each party should also describe the factual and legal issues that will need to be resolved during the trial that are not covered in the stipulations section.

If a party does not include contentions about a particular claim or defense, the court will consider that claim or defense to be abandoned.

**3. Exhibits.**

The draft pretrial order must include a list from each party of the exhibits that it may offer at trial, including any maps or diagrams. The exhibits must be numbered sequentially, and those numbers must remain the same throughout all further proceedings. When practicable, trial exhibits should carry the same number as in the depositions and references to exhibits in depositions should be changed to refer to the trial exhibit number.

Any grounds for objection about an exhibit's authenticity or admissibility that can be reasonably anticipated ahead of trial must be set out in the pretrial order. Except as otherwise indicated in the pretrial order, it will be deemed that all parties stipulate that all exhibits are authentic and may be admitted into evidence without further identification or proof.

It is not necessary for the parties to designate exhibits that are to be used solely for impeachment or cross-examination.

4. **Designation of Pleadings and Discovery Materials.**

Each party must designate all portions of pleadings and discovery materials (including depositions, interrogatories, and requests for admission) that the party may offer at trial. Where applicable, the designation must note the volume, page number, and line that the party may offer at trial.

Testimony presented by video or by being read into the record must be edited so that only the relevant testimony is shown or read to the jury.

If a party may present a video deposition at trial, the parties should confer in an attempt to agree on the portions of the deposition that may be shown to the jury. If the parties cannot agree, they should note that in the joint pretrial order.

The draft pretrial order must note any objections by another party to designated pleadings and discovery materials. Where applicable, the objection must specify the document volume, page number, and line containing the allegedly objectionable material. The basis for the objection must be stated with specificity.

It is not necessary to designate a deposition, any portion of a deposition, or any other discovery material, that is to be used solely for impeachment or cross-examination.

5. **Witnesses.**

Each party must list the names and addresses of all witnesses it may offer at trial, together with a brief statement of what counsel proposes to establish by their testimony. Parties should list each witness's actual address rather than indicate that a witness may be contacted through counsel of record.

If a party wishes to withhold a witness's address due to security or privacy concerns, it should note that in the joint pretrial order and the court will address it at the pretrial conference.

6. **Estimate of Length of Trial.**

The draft pretrial order must provide the parties' best estimate about the anticipated length of the trial. This estimation should represent a realistic evaluation of the case, number of witnesses, amount of evidence to be presented, and respective burdens of proof.

7. **Verdict Forms.**

The parties should confer to develop a proposed verdict form. The verdict form should indicate the relief sought and include any issues that will impact the amount or nature of the relief sought.

If the parties cannot agree on a proposed verdict form, they should submit their competing verdict forms with the draft pretrial order.

### Submission of the Draft Pretrial Order

If all parties are represented, absent an agreement between the parties to the contrary, counsel for the plaintiff listed first in the caption is responsible for filing the joint pretrial order.

If the plaintiff listed first in the caption is unrepresented, the next party listed in the caption who is represented by counsel is responsible for filing the joint pretrial order.

Counsel for the party responsible for filing the joint pretrial order must also email a copy of the draft pretrial order in Word format, with a copy to all parties, to Documents_USMJ_Numbers@nced.uscourts.gov at the time the draft pretrial order is filed.

Counsel should indicate in the email transmitting the draft pretrial order to chambers whether they would prefer to conduct the pretrial conference in person or by video.

If the draft pretrial order is not submitted by the deadline listed above, the pretrial conference will be cancelled, and the parties will have to appear and show cause why they should not be sanctioned.

### Review of Local Rules Regarding Preparations for Trial

Prior to the pretrial conference, counsel shall review the provisions of the Local Civil Rules regarding preparation for trial including Rules 16.1, 39.1, 47.1(b), and 51.1 (or 52.1 in non-jury cases).

### Failure to Appear or Comply

If an unrepresented party or an attorney fails to appear at the pretrial conference or otherwise comply with this order, the court may sanction that party or person as provided by Federal Rule of Civil Procedure 16(f). This sanction may include payment of "the reasonable expenses—including attorney's fees—incurred because of any noncompliance" with this order. Fed. R. Civ. P. 16(f)(2).

Dated: January 15, 2026

_____
Robert T. Numbers, II
United States Magistrate Judge